J-A25030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR THE WACHOVIA LOAN TRUST, 2005-SD1 ASSET-BACKED CERTIFICATES, SERIES 2005-SD1 C/O WELLS FARGO BANK, N.A. | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 3161 EDA 2024 |
| LAWANDA A. JENNINGS A/K/A LAWANDA JENNINGS | : : : : | |
| APPEAL OF: FRANKLIN A. BENNETT, III | : : | |

Appeal from the Order Entered October 18, 2024
In the Court of Common Pleas of Chester County Civil Division at No(s):
2016-03862-RC

BEFORE:   LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 24, 2025**

Franklin A. Bennett, III ("Bennett") appeals from the order granting the motion to assess damages filed by Citibank, N.A., as trustee for the Wachovia Loan Trust, 2005-SD1 Asset-Backed Certificates, Series 2005-SD1 c/o Wells Fargo Bank, N.A. ("Citibank"). We affirm.

While this matter has a lengthy procedural history, based on the issues asserted on appeal, we offer a truncated recitation of the background. In 2016, Citibank, as assignee to a mortgage note executed between Lawanda A. Jennings ("Jennings") and TMS Mortgage, Inc., d/b/a The Money Store,

_____

[*] Retired Senior Judge assigned to the Superior Court.

filed the underlying foreclosure action against Jennings. In the complaint, Citibank alleged that she had failed to pay on the mortgage for the secured real property since 2008, identifying in ¶ 9 a total amount due and owing of $173,862.34. In its prayer for relief, Citibank requested an *in rem* judgment in mortgage foreclosure for that amount, plus interest and additional costs associated with the sale of the mortgaged premises.

Several months after the complaint was filed, Jennings deeded the property in question to Bennett for $10,000. Bennett, then licensed to practice law in Pennsylvania, thereafter began to represent Jennings in the foreclosure action. However, at some point in the proceedings, Bennett was granted leave to intervene in his individual capacity, and Jennings represented herself from that point onward.

In November 2020, Citibank filed a motion for summary judgment. Within, it contended that it "established its right to summary judgment" as a matter of law in the foreclosure action, as well as judgment in its favor as to several claims raised by Bennett in a separate quiet title action that was consolidated with this case. ***See*** Motion for Summary Judgment, 11/12/20, at 10. The motion specifically averred that Citibank had proven damages, the amount of which were not contested by Jennings or Bennett. Instead, their primary defense in the foreclosure action was to assert their belief that a previously recorded satisfaction piece discharged the mortgage in question. Citibank's summary judgment motion did not include a proposed order or restate a specific sum as to the judgment.

In February 2021, the court granted the motion for summary judgment as follows: "An *in rem* judgment is entered in favor of Citibank and against Jennings and Bennett for the foreclosure and sale of the mortgaged property" identified in the foreclosure action. **See** Order, 2/3/21. Critically, the order did not specify a monetary award. A docket entry was created on the same day, indicating "JUDGMENT STATUS DOCKET OPINION AND/OR ORDER Amount: 0.00." Docket Chester County Case No. 2016-03862-RC.

Bennett appealed the court's order. Upon review, this Court determined that the issues raised by Bennett were waived because he failed to clearly delineate them in his court-ordered Pa.R.A.P. 1925(b) statement or adequately develop any arguments in his brief. **See Citibank, N.A. v. Jennings**, 279 A.3d 1255, 2022 WL 1554859 at *2-3 (Pa.Super. 2022) (non-precedential decision). We therefore affirmed the summary judgment order. Our High Court denied Bennett's petition for allowance of appeal in November of 2022.

On September 24, 2024, Citibank filed with the trial court the underlying motion to assess damages, noting that no judicial sale of the property could be completed because of the lack of a specified monetary sum in the judgment. Bennett lodged a written response in opposition, and the court granted Citibank's motion without a hearing. Specifically, it stated that the *in rem* judgment "is amended to include a sum certain of $291,192.63, plus interest from September 4, 2024, at the rate of $21.08 per diem and other

costs and charges collectible under the mortgage, foreclosure, and sale of the mortgaged property[.]" Order, 10/18/24.

This timely appeal followed. Both Bennett and the trial court complied with the strictures of Pa.R.A.P. 1925. Bennett raises two issues for our consideration:

1. Did the trial court have subject matter jurisdiction to amend a judgment [1,353] days after its entry?

2. Did the trial court violate Pennsylvania law, the Pa.R.C[iv].P., and [Bennett']s due process rights in entering its 10/18/24 order amending a judgment [1,353] days after its entry?

Bennett's brief at 4 (some capitalization altered).

In his first claim, Appellant alleges that the trial court lacked jurisdiction in 2024 to amend the summary judgment entered in 2021. Our High Court has stated:

[A]s a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary. Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*.

*Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008) (citation omitted). Despite this issue not being listed in Bennett's Rule 1925(b) statement of errors, it is not waived, as it concerns the jurisdiction of the trial court. *See*, *e.g.*, *Schluth v. Krishvatar, Inc.*, 302 A.3d 96, 103 (Pa.Super. 2023) (noting that "jurisdiction may be raised at any time, even for the first time on appeal").

- 4 -

Bennett's argument is premised upon the application of 42 Pa.C.S. § 5505, which provides, regarding the modification of orders, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within [thirty] days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. Bennett contends that since he appealed the summary judgment order in question in 2021, it has long been deemed "final." *See* Bennett's brief at 5-6 (discussing that Citibank did not file its motion to assess damages until "almost two years after the order became finalized[.]"). As such, he opines that the trial court did not have the ability to amend the order by way of granting Citibank's motion to assess damages. *Id*. at 10-15.

In contrast, Citibank maintains that the trial court had jurisdiction to amend through the exceptions to § 5505 established by caselaw, namely the court's inherent ability to fix clear mistakes or to amend orders based on "extraordinary cause justifying intervention by the court." *See* Citibank's brief at 20-25. We note that since Appellant newly raised this jurisdictional issue in his brief to this Court, the trial court did not address it in its Rule 1925(a) opinion.[1]

_____

[1] Nonetheless, in defending the adequacy of its order assessing damages, the trial court highlighted that Citibank attached an affidavit to the motion that confirmed pertinent information, such as the loan history, mortgage, and note. *See* Trial Court Opinion, 1/21/25, at 5. It further indicated that when Bennett
*(Footnote Continued Next Page)*

Based on our review, we conclude that that parties' discussion of § 5505 and its exceptions misses the mark as it relates to the specific facts of this case. As discussed, the court here did not amend any prior **order**, final or otherwise. Instead, it assessed damages at the request of Citibank, and in so doing, modified the **judgment** previously entered in Citibank's favor.

This Court has observed as follows with respect to a court's ability to enforce its judgments:

> The trial court has the power to modify a judgment upon the proper application to the court for amendment. . . .; **see also** [**Nationsbanc Mortg. Corp. v.** ]**Grillo**, 827 A.2d [489,] 493 [(Pa.Super. 2003)] (mortgagee "had every right to petition the court to amend the writ of execution to include additional interests and costs prior to" satisfaction.); **PNC Bank, N.A. v. Unknown Heirs**, 929 A.2d 219, 227 n.3 (Pa.Super. 2007) (a motion to reassess damages "invokes a trial court's equitable power to enforce the underlying judgment and to grant relief until the judgment is discharged or satisfied."). We review the trial court's entry of a modified judgment for an abuse of discretion.
>
> Based upon the foregoing legal principles, we conclude that the trial court enjoys the inherent power to amend a judgment until the judgment is discharged or satisfied.

**EMC Mortg., LLC v. Biddle**, 114 A.3d 1057, 1064 (Pa.Super. 2015) (cleaned up). In **EMC Mortg., LLC**, this Court determined that the trial court had the ability to amend a default foreclosure judgment at the request of the mortgagee some six months after entry of the judgment, since the request was made before discharge or satisfaction. **Id**.

---

answered Citibank's motion, he did not deny "the amount due at the time of the complaint was filed or the additional sums due since the complaint was filed." **Id**. at 6.

Here, despite having a judgment award in hand, Citibank has been unable to proceed with a judicial sale of the property due to the lack of a specified sum. *See*, *e.g.*, ***U.S. Bank, N.A. v. Pautenis***, 118 A.3d 386, 394 (Pa.Super. 2015) (stating that "[t]he precise amount due on a mortgage is . . . essential [in a foreclosure action], as a sheriff could not possibly distribute the proceeds of a foreclosure sale among the various parties in interest without knowing the exact extent of the claim of the foreclosing mortgagee" (cleaned up)). Accordingly, the judgment in this matter plainly has not been "discharged or satisfied." ***EMC Mortg., LLC***, 114 A.3d at 1064. As in ***EMC Mortg., LLC***, Citibank properly filed a motion to reassess damages so that it could proceed with the judicial sale. The trial court therefore had the equitable power to modify the previously entered judgment when it did.

In short, Bennett's discussion of § 5505, and the caselaw interpreting it, does not apply to this situation. The entire underpinning of his contention on appeal, that the court lacked jurisdiction to enforce a judgment through modification, is unsupported by the certified record. Therefore, no relief is due.[2]

In his remaining issue, Bennett argues that the trial court violated his due process rights by granting Citibank's motion to assess damages.

---

[2] Both Bennett and Citibank also devote significant portions of their respective briefs to discussing the role of harmless error when a court acts outside of its jurisdiction. Since we have concluded that the trial court did not lack such jurisdiction to enter the order assessing damages, we do not consider these arguments.

However, he proffers a single conclusory sentence in support thereof: "Alternatively, the trial court violated defendants [*sic*] right to due process under both the state and federal constitutions by failing to give proper notice and a hearing and failed to implement the proper standard of review giving notice to all parties of what the court was doing." Bennett's brief at 19.

Appellant failed to include a separate argument section in his brief as to this claim, in violation of Pa.R.A.P. 2119(a). Moreover, and more importantly, this fallback contention was woefully underdeveloped. Bennett does not discuss any legal authority relating to due process rights, how the court failed "to give proper notice," especially in light of the fact that he filed a response, or why he was entitled to a hearing on Citibank's motion to assess damages. This is especially true when, as Citibank highlights, Bennett's defense at the summary judgment stage was not to contest the amount of damages, but rather to argue that a recorded satisfaction piece eradicated the mortgage. Nothing Bennett has presented on appeal provides us with a basis for overturning the court's decision. *See*, *e.g.*, ***Bert Company v. Turk***, 257 A.3d 93, 113 n.7 (Pa.Super. 2021) (stating that "[w]hen an appellant's argument is underdeveloped, we may not supply it with a better one. In such situations, we shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived.").

Based on the above, we affirm the court's order granting Citibank's motion to assess damages.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/24/2025</u>